UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONNA BLACK,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI,**<br>**Acting Commissioner of Social Security**<br><br>**Defendant.** | Case No. 20-cv-3290 (TJK/GMH) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Donna Black, who proceeds *pro se* in this matter, has challenged the decision of the Social Security Administration ("SSA") to deny Supplemental Security Income ("SSI") benefits to her son, D.A.B., and to her daughter, D.B. Defendant Acting Commissioner Kilolo Kijakazi has moved to sever the claim related to D.B. ECF No. 30. Plaintiff filed her opposition thereto on April 24, 2023, ECF No. 34, and Defendant filed her reply on May 4, 2023, ECF No. 35. Based on the parties' filings and a review of the record,[1] the Court grants Defendant's motion.[2]

---

[1] The relevant docket entries for purposes of this Report and Recommendation are (1) the Amended Complaint (ECF No. 3); (2) Defendant's motion to sever (ECF No. 30); (3) Plaintiff's opposition thereto (ECF No. 34); and (4) Defendant's reply (ECF No. 35). The page numbers cited herein are those assigned by the Court's CM/ECF system.

[2] The undersigned resolves this non-dispositive motion under Federal Rule of Civil Procedure 72(a) and this Court's Local Civil Rule 72.2(a), as "[a] motion to sever is a procedural motion that determines *how* a plaintiff's case is tried in federal court, not *whether* it is tried in federal court." *Amalsi v. Schlumberger Tech Corp.*, No. 20-cv-00056, 2021 WL 2394734, at *1 n.3 (W.D. Tex. Jan. 29, 2021) (quoting *Gonzales v. Allstate Vehicle & Prop. Ins. Co.*, No. 17-cv-58, 2017 WL 4678238, at *1 (W.D. Tex. Oct. 17, 2017) (finding that a motion to sever is non-dispositive and properly resolved by a magistrate judge)); *accord Downes-Covington v. Las Vegas Metro. Police Dep't*, No. 22-cv-1790, 2020 WL 12895891, at *2 (D. Nev. Dec. 16, 2020); *Romano v. Levitt*, No. 15-cv-518, 2017 WL 193502, at *4 (W.D.N.Y. Jan. 18, 2017); *Scott v. Heyns*, No. 14-cv-1277, 2016 WL 11746167, at *1 (W.D. Mich. Feb. 1, 2016); *Hawkins v. Waynesburg Coll.*, No. 07-cv-005, 2007 WL 4268765, at *2 (W.D. Pa. Nov. 30, 2007).

I.      FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2020, Plaintiff filed the complaint in this matter, appealing the denial of Social Security benefits to her son D.A.B. ECF No. 1. On November 16, 2020, then-District Judge Ketanji Brown Jackson ordered Plaintiff to file an amended complaint identifying the agency decision forming the basis of her action within 30 days to comply with Federal Rule of Civil Procedure 8(a). ECF No. 3. In January 2021, Plaintiff filed a response, seeking to amend her complaint to include the denial of SSI benefits to her son, and adding a similar claim with respect to her daughter, D.B. ECF No. 4. Judge Chutkan "liberally construe[d] this document as plaintiff's amended complaint," and directed that the Clerk's Office assign the case to a district judge. Minute Order (Jan. 26, 2021). After some delay in service, through no fault of the Plaintiff, Defendant filed its answer to Plaintiff's original complaint in December 2021, which addressed only Plaintiff's son's claim for SSI benefits. ECF No. 18. Defendant also filed the administrative record, which contained records pertaining only to Plaintiff's son. ECF No. 19. Defendant did not move to dismiss any part of the filing deemed to be Plaintiff's amended complaint.

In April 2022, Plaintiff filed a motion for judgment of reversal. ECF No. 23. In it, Plaintiff requests reversal of the denial of SSI benefits for both of her children, asserting that the SSA Appeals Council denied review on September 4, 2020, as to her son, D.A.B., and on November 19, 2020, as to her daughter, D.B. *Id.* at 5. Defendant's motion for judgment of affirmance, filed two months later, addresses on the merits only the denial of benefits with respect to Plaintiff's son. ECF No. 25. In a single footnote, Defendant's motion asserts that although Plaintiff argues in the amended complaint that her son and daughter should both be awarded disability benefits, "this case pertains solely to [her son's] application for benefits." *Id.* at 5 n.1. Defendant cites *McKart v. United States*, 395 U.S. 185 (1969), for its proposition that "no one is entitled to judicial relief

for a supposed or threatened injury until the prescribed administrative remedy has been exhausted[.]" *Id.* (quoting *McKart*, 395 U.S. at 194).

In February 2023, the Court held a hearing to address this discrepancy between the amended complaint and SSA's motion for judgment of affirmance with respect to the denial of benefits for Plaintiff's son and daughter. Plaintiff, who is proceeding *pro se*, did not appear for the February 7 hearing, despite the Clerk of the Court mailing a copy of the order setting the hearing to Plaintiff's address of record. ECF No. 28. Following the hearing, the Court permitted Defendant to file a motion to sever Plaintiff's two claims regarding her son and daughter pursuant to Federal Rule of Civil Procedure 21. ECF No. 30. In her motion to sever, Defendant argues that Plaintiff's claims should be severed (1) because they do not meet the permissive joinder requirements of Federal Rule of Civil Procedure 20(a); and because keeping the claims together in one action (2) could result in confusion and delay, and (3) could implicate the privacy rights of the minor claimants, one of whom will turn eighteen in August 2023. ECF No. 30-1 at 4–9. In the alternative, Defendant requests the Court take preventative steps to minimize these concerns, such as issuing separate orders resolving each claim and determining how to proceed if the case is still pending in August 2023, when Plaintiff's daughter turns eighteen. *Id.* at 9.

On April 24, 2023, Plaintiff provided her response, in which she requested that the matter not be severed, asking that the Court "allow no further delay in this matter and move forward with both matters[.]" ECF No. 34 at 9. She explains that the claims satisfy the requirements of Rule 20(a) because the claims were brought together and the hearings were conducted together. *Id.* at 10. She further argues that severing the claim would bring more delay, including "having to respond to more . . . motions." *Id.* Finally, she asserts that privacy concerns will not present an issue in this case. *Id.* at 11. In her reply, Defendant represented that the administrative record for

D.B.'s claim was "now ready to file" once the Court had ruled on the motion to sever. ECF No. 35 at 4.

## II.     LEGAL STANDARD

Courts have discretion to sever improperly joined parties under Federal Rule of Civil Procedure 21. *Kaul v. Fed'n of State Med. Boards*, No. 19-cv-3050, 2020 WL 7042821, at *7 (D.D.C. Dec. 1, 2020). "In determining whether parties are misjoined for purposes of Rule 21, courts apply the permissive joinder requirements of Rule 20(a)." *Davidson v. Dist. of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010) (citing *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008)). Under Rule 20(a), multiple plaintiffs may be joined in one action only if: (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). In this Circuit, to satisfy the "same transaction or occurrence" prong of Rule 20(a), the claims sought to be joined must be "logically related" to one another. *Davidson*, 736 F. Supp. 2d at 119. It is "well-settled" that if the "preconditions of permissive joinder" are not satisfied, *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (quoting *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)), a court must remedy the misjoinder by severing "the claims brought by the improperly joined party." *Grant v. Salem*, 226 F.R.D. 1, 2 (D.D.C. 2004) (citing *Brereton v. Commc'ns Satellite Corp.*, 116 F.R.D. 162, 163 (D.D.C. 1987). Finally, "the court should consider whether an order under Rule 21 would prejudice any party[] or would result in undue delay." *Davidson*, 736 F. Supp. 2d at 120 (citing *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002)).

### III.     DISCUSSION

It does not appear that any court in this Circuit has dealt with the precise issue of the severance of multiple claims appealing the denial of SSI benefits for the two different minor children of a single plaintiff.  Courts have, however, found in the context of cases involving multiple plaintiffs appealing decisions arising from "separate administrative proceedings that resulted in separate [administrative decisions]" under the Individuals with Disabilities Education Act ("IDEA"), that unless some common policy has been applied to each plaintiff, severance is appropriate because the claims are not "logically related" to one another.  *Compare Davidson*, 736 F. Supp. 2d at 121 (granting a motion to sever because the IDEA claims of the plaintiff students arose from separate administrative proceedings and were not "logically related"), *and Battle v. District of Columbia*, No. 08-cv-1449, 2009 WL 6496484, at *2 (D.D.C. Apr. 29, 2009) (same), *with Parks v. District of Columbia*, 275 F.R.D. 17, 19 (D.D.C. 2011) (denying a motion to sever, finding a logical relationship and common question of fact for plaintiffs in an IDEA fees case where the defendant applied the identical policy reducing fees to all plaintiffs, and counsel's hourly rate was the same for all plaintiffs).

In this case, the record demonstrates that the denial of benefits claims of Plaintiff's son D.A.B. and her daughter D.B. arise from separate administrative proceedings and will turn on individual determinations of whether each of the Administrative Law Judges' decisions were supported by substantial evidence.  Plaintiff has alleged no common policy affecting both children, or common question of law or fact, "[b]eyond the fact that the claims [both] arise under the [Social Security Act]."  *Davidson*, 736 F. Supp. 2d at 120.  Although Plaintiff has argued that the two claims were brought together, and the hearings were conducted together—and the record reflects that the two claims were heard by the same Administrative Law Judge, *see* ECF No. 19-2 at 88—

5

each child's appeal is based on the individual decision issued by the Administrative Law Judge, as well as the separate record developed by the agency with regard to each child. Therefore, the two claims are not "logically related" and the requirements of Rule 20(a) are not met, warranting severance. *Id.* Moreover, the Court finds that no prejudice or undue delay will result from severance. Plaintiff requests that the Court "move forward with this matter," asserting that severance will further delay her claim. ECF No. 34 at 12. However, even if the Court did not sever this matter, some additional delay would occur, as the Defendant would need time to brief the issues raised by D.B.'s claim. In addition, the Court cannot adjudicate D.B.'s case without the benefit of the administrative record related to her claim. Moreover, Defendant has represented and agreed that if severed: (1) the Appeals Council will grant additional time for Plaintiff to seek judicial review of D.B.'s claim beyond what is provided in 42 U.S.C. § 405(g); (2) the administrative record is ready to be filed; and (3) Defendant would be prepared to file her motion for a judgment of affirmance or motion for remand on an expedited schedule within thirty days of the filing of the administrative record. ECF No. 30-1 at 3, 10; ECF No. 35 at 4–6. Finally, Defendant has articulated additional legitimate concerns of delay, confusion, and privacy if the claims were to be adjudicated together. ECF No. 30-1 at 6–9. Accordingly, the Court hereby severs the claim of Plaintiff's daughter D.B.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's motion to sever, ECF No. 30. The Court hereby directs the Clerk of Court to **SEVER** the claim of Plaintiff Donna Black's minor daughter D.B. and open a separate case against Defendant Kilolo Kijakazi, to include the following filings from the original case, 20-cv-3290: ECF Nos. 1, 2, 3, 4, 23, 28, 29,

30, 32, 33, 34, 35.[3]  After the case is opened, the Court will issue a schedule in the new case for the filing of the administrative record and related motions. It is further

**ORDERED** that the Clerk of Court shall mail a copy of the docket of this case and this Memorandum Opinion & Order, as well as a copy of the docket of the newly severed case once opened, to the Plaintiff at her address of record.

**SO ORDERED.**

Date:  May 16, 2023

_____
G. Michael Harvey
United States Magistrate Judge

---

[3] Those filings should also remain in the original case.